Opinion issued November 1, 2007










In The

Court of Appeals

For the

First District of Texas

____________


NO. 01-07-00816-CV

____________


IN RE DONALD C. JACKSON, Relator






Original Proceeding on Petition for Writ of Mandamus






MEMORANDUM OPINION Relator, Donald C. Jackson, has filed a petition for a writ of mandamus
complaining of the alleged failure of respondent, Charles Bacarisse, to prepare,
certify, and file the clerk's record in appellate cause No. 01-07-00163-CV. (1) 


 On October 18, 2007, this Court issued two sua sponte orders relating to appeal
cause No. 01-03-00862-CV. Both orders relate to the same trial-court cause as this
original proceeding. 

 Our first order of October 18, 2007 consolidated appeal Cause Nos. 01-07-00163-CV, styled Donald C. Jackson v. Texas Board of Pardons and Parole, and 01-07-00280-CV, styled Donald C. Jackson v. Texas Board of Pardons and Parole, with
Cause No. 01-03-00862-CV, also styled Donald C. Jackson v. Texas Board of
Pardons and Parole, on the grounds that the issues were inextricably intertwined. 

 Our second order of October 18, 2007 withdrew the opinion issued on July 28,
2005 in Cause No. 01-03-00862-CV and declared void the judgment issued on July
28, 2005 and the mandate issued on November 14, 2005. 

 Additional relief granted by this Court's second order of October 18, 2007
included the following: (1) a holding that appellant is indigent for purposes of the
appeal in Cause No. 01-03-00862-CV; (2) an order that the Clerk of this Court send
to respondent by certified mail, return receipt requested, a copy of the clerk's record
filed in Cause No. 01-03-00862-CV; and (3) an order that relator file his brief on the
merits of the appeal in Cause No. 01-03-00862-CV within 30 days of receipt of the
clerk's record. 

 Mandamus will not issue when the subject controversy becomes moot. See In
re Kellogg Brown & Root, Inc., 166 S.W.3d 732, 737 (Tex. 2005) (rejecting mootness
bar). A case becomes moot if a controversy ceases to exist between the parties at any
stage of the legal proceedings. Id. (citing Allstate Ins. Co. v. Hallman, 159 S.W.3d
640, 642 (Tex. 2005), Bd. of Adjustment v. Wende, 92 S.W.3d 424, 427 (Tex. 2002),
and Williams v. Lara, 52 S.W.3d 171, 184 (Tex. 2001)). 

 Relator premises his claims in this original proceeding on the alleged failure
of respondent to prepare and certify a clerk's record for relator's use in appellate
Cause No. 01-03-00862-CV and to file the record with this Court. Because the
clerk's record has been filed and furnished to relator, there is no longer a controversy
between relator and respondent. See id. 

Conclusion


 We dismiss relator's petition for a writ of mandamus as moot. 






 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Alcala and Bland.
1. 
 
 
 '